IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                             )<br>       Plaintiff / Respondent,  )<br>                                             )<br>v.                                       )<br>                                           )<br>MECHIEEN McDOWELL,        )<br>                                         )<br>      Defendant / Petitioner.    )<br>                                         )<br>_____) | Case No. 09-20133-06-JWL<br>Case No. 12-2400-JWL |

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on defendant Mechieen McDowell's pro se petition to vacate her sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1510) and the Government's motion for enforcement of defendant's plea agreement (Doc. # 1516). For the reasons set forth below, the Court **grants** the Government's motion to enforce defendant's plea agreement, and defendant's petition is therefore **dismissed**.

### I.    **Background**

On March 21, 2011, defendant entered into a plea agreement and pleaded guilty to one count of a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). In the plea agreement, defendant agreed that the parties would request that the Court impose a sentence consistent with the sentencing guidelines, and defendant stated that she understood that relevant conduct would be considered in the calculation of her

guideline range.  The Government agreed to recommend deductions from the base offense level under the guidelines for acceptance of responsibility and to recommend a sentence at the low end of the applicable guideline range. The plea agreement contained the following waiver of defendant's right to appeal or to collaterally attack her sentence:

> **11.   Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. R. Civ. Pro [*sic*] 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).  Notwithstanding the forgoing [*sic*] waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

(First set of brackets in original.)  The plea agreement also concluded with the following provision:

> **16.   No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and

>        representation provided by defendant's counsel.  Further, the defendant
>        acknowledges that he has read the plea agreement, understands it and
>        agrees it is true and accurate and not the result of any threats, duress or
>        coercion.  The defendant further understands that this plea agreement
>        supersedes any and all other agreements or negotiations between the
>        parties, and that this agreement embodies each and every term of the
>        agreement between the parties.  The defendant acknowledges that the
>        defendant is entering into this agreement and is pleading guilty because
>        the defendant is guilty and is doing so freely and voluntarily.

Defendant also stated in her plea petition that she offered her plea freely and voluntarily.  She further stated that no Government agent had promised, suggested, or predicted a lighter sentence or any other form of leniency, except that her attorney had discussed the application of the sentencing guidelines with her; and that she understood that her sentence was solely a matter within the Court's control.  Defendant stated in the petition that she was satisfied with the advice and assistance of her attorney.  In his own certification, defendant's attorney stated that he had made no promises or predictions concerning defendant's sentence, other than to discuss the application of the guidelines with her.

The Court confirmed the voluntariness of the plea in its colloquy with defendant at the plea hearing. In particular, in that colloquy, defendant stated under oath that she understood the process and the Court's questions; that she understood that there was no guarantee that she would receive a better sentence by pleading guilty; that she had been able to work with her attorneys, that she had discussed her sentence and the application of the guidelines with them, and that she was satisfied with their representation and advice; that she understood that her sentence was a matter for the Court to decide under

the guidelines, and in consideration of relevant conduct; that she was waiving any right to appeal or to collaterally attack a sentence within the applicable guideline range; that no one had coerced her or made any promise or inducement to procure her plea; that it was her decision to plead, and not her attorney's decision; and that she was entering a plea of guilty freely and voluntarily and because she was in fact guilty of the charge. During this colloquy, defendant did not simply and unthinkingly respond "Yes" to every question; rather, she indicated when she did not understand a particular question, and the Court then repeated and restated that question until defendant understood it. For instance, after she stated that she did not understand, the Court reiterated that the final determination of her sentence would be by the Court, and defendant then indicated that she understood and agreed. When the Court asked whether she understood that she was waiving the right to appeal if the Court imposed a sentence within the applicable guideline range, defendant's attorney interjected to explain that that meant if the sentence was within the range he had discussed with defendant. The Court then corrected the attorney and explained that the Court would decide the applicable range, and defendant then stated that she understood that waiver. At the conclusion of the colloquy, based on its observation of defendant and her responses, the Court found that defendant's plea was knowing and voluntary.

On September 1, 2011, the Court imposed a sentence of imprisonment for a term of 108 months. The Court found that over 3,000 kilograms of marijuana could be attributed to defendant for her relevant conduct in being involved in the overall drug-

4

trafficking conspiracy with which she was originally charged. The Court declined to apply a two-level enhancement for obstruction of justice relating to defendant's execution of a quitclaim deed for property subject to forfeiture, and it reduced defendant's offense level to account for defendant's role as a minor participant and her acceptance of responsibility. The Court thus determined a total offense level of 31 and a criminal history category of I, resulting in an applicable guideline range of 108 to 135 months. The Court then chose the low end of that range for defendant's sentence.

Defendant did not file a direct appeal of her conviction or sentence. On June 25, 2012, defendant filed her pro se petition pursuant to Section 2255. By the petition, defendant assert three claims: (1) that she was denied the effective assistance of counsel, in that her counsel "abandoned her case," did not meet with her, and indicated that it was in her best interest to plead guilty because she faced 20 or more years in prison and the Government had no interest in her serving a sentence; (2) that her plea was not knowing and voluntary, in the sense that counsel had indicated that the prosecutor did not want to see her face jail time and that her involvement was such that jail time was not necessary; and (3) that her arrest was based on an unconstitutional search and seizure. In response, the Government has moved for enforcement of the waiver in defendant's plea agreement.

## II.   Analysis

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment

5

was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *See* 28 U.S.C. § 2255(b). The Court, however, will hold a defendant and the Government to the terms of a lawful plea agreement. *See United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of Section 2255 rights in a plea agreement is generally enforceable. *See United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver, by which the district court must determine the following: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived the rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). The Court concludes that such analysis mandates that defendant's waiver be upheld and enforced in this case.

    First, defendant clearly waived her right to bring any claim other than her claim that her plea was not voluntary because it was based on statements by counsel that she would not have to serve time in prison. The waiver contained in defendant's plea agreement provided that defendant could appeal only if the Court varied upward from the applicable sentencing guideline range or if the Government filed its own appeal, but

neither of those contingencies occurred in this case. The plea agreement also recognized that, under *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), defendant did not waive the right to bring a Section 2255 claim for ineffective assistance of counsel specifically challenging the validity of the plea or the waiver. Thus, any other claim falls within the scope of the waiver. In her reply, defendant concedes that her claim of an illegal search falls within the scope of the waiver.

The Court therefore considers defendant's primary claim that her plea was not voluntary, and it concludes that defendant did knowingly and voluntarily waive her rights. In assessing the voluntariness of a defendant's waiver, the Court looks primarily to two factors—whether the language of the plea agreement stated that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007). As set forth above, both factors were present here. Defendant alleges that her plea was not voluntary because it was based on an understanding that she would serve little or no time in prison. In addition, in an unsworn letter attached to her unsworn reply brief, defendant states that she answered in the affirmative during the plea colloquy because she was embarrassed that she did not understand everything. As noted above, however, defendant did *not* simply agree with every statement by the Court, but instead indicated when she did not understand. On those occasions, the Court made sure that she did understand, and defendant then answered each time that she understood and agreed, including with respect to questions confirming that no one had promised her any

7

particular sentence and that the Court would determine the applicable sentencing guideline range without regard to any agreement reached with the Government. Defendant then stated that she entered her plea knowingly and voluntarily, and the Court found that her plea was in fact knowing and voluntary. Based on that colloquy and the plea agreement, the Court rejects defendant's claim that her plea was not knowing and voluntary.

With respect to the third prong of the applicable analysis, enforcement of a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Hahn*, 359 F.3d at 1327. Defendant's petition and reply brief suggest that she believes that she was misled by her counsel's predictions concerning the expected length of her sentence. Such an allegation does not state a claim for ineffective assistance of counsel under the Sixth Amendment. As the Tenth Circuit has held, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993); *see also Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) ("An erroneous sentence estimate by defense counsel does not render a plea involuntary. And a defendant's erroneous expectation, based on his

8


attorney's erroneous estimate, likewise does not render a plea involuntary.") (quoting *Wellnitz v. Page*, 420 F.2d 935, 936-37 (10th Cir. 1970)). Accordingly, the Court rejects defendant's claim for ineffective assistance of counsel, and it concludes that enforcement of defendant's waiver of any right to collaterally attack her sentence would not result in a miscarriage of justice.

For these reasons, the Government's motion for enforcement of defendant's waiver is granted, and defendant's Section 2255 petition is therefore dismissed.[1]

### III.  Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004)

---

[1]Because the motion and records of this case conclusively show that defendant is not entitled to relief, the Court need not conduct a hearing on this matter. *See* 28 U.S.C. § 2255(b).

[2]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

9


(quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right; the Court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's motion to enforce defendant's plea agreement (Doc. # 1516) is **granted**, and defendant's motion to vacate her sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1510) is therefore **dismissed**.

IT IS SO ORDERED.

Dated this 23rd day of October, 2012, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge